IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LORENZO MAURICE WASHINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE PUBLIC DEFENDER,<br><br>Defendant. | 8:23CV143<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff Lorenzo Maurice Washington's ("Washington" or "Plaintiff") Complaint, Filing No. 1, filed on April 13, 2023, and a motion filed on May 4, 2023. Filing No. 8. Washington captioned his motion "RE Motion for Leave to Proceed in Forma Pauperis; and Pursuant to 28 U.S.C. 1915(B)(1)," and states that he "errouneusly [sic] filed in this Court" and asks the Court to "dismiss such request(s) regarding such matter." Filing No. 8. Liberally construed, it appears Washington seeks dismissal of his request to proceed in forma pauperis ("IFP") and of this case because he does not wish to pay the filing fee as directed by the Court in its April 25, 2023 Memorandum and Order, Filing No. 7. Upon careful consideration of Washington's Complaint and motion, the Court will vacate its previous order assessing an initial partial filing fee pursuant to the Prison Litigation Reform Act ("PLRA") and will dismiss this matter without prejudice.

## I. BACKGROUND

Washington, a pretrial detainee in the custody of the Douglas County Department of Corrections, filed his Complaint on April 13, 2023, using the Form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner). Filing No. 1. However, his Complaint

alleges ineffective assistance of counsel claims against the Public Defender's Office for "violation of arraignment" and "6 months speed[y] trial" and "incompetent evaluation" and only seeks relief in the form of a "mandamus-award." Id. at 1–2, 4–5. Washington's state court records, available to this Court online, show that Washington has been charged with first degree murder and sexual assault in the first degree and that the matter is currently pending and awaiting a determination of Washington's competency to stand trial.[1]

With his Complaint, Washington also filed a Motion for Leave to Proceed IFP. Filing No. 2. The Court granted Washington leave to proceed IFP on April 25, 2023, and assessed an initial partial filing fee of $8.59 pursuant to the PLRA. Filing No. 7.

## II. IFP ISSUES

By filing his motion to dismiss his IFP request, Washington clearly seeks to avoid payment of the filing fee pursuant to the PLRA. Because the Court finds that the Complaint is more properly liberally construed as a petition for mandamus relief, the question becomes whether the PLRA is properly applied to Washington's Complaint and request to proceed IFP.

The PLRA provides that a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The PLRA does not define "civil action" for the purpose of the IFP statute, and neither excludes nor includes mandamus proceedings within its scope. In re Tyler,

---

[1] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in State v. Lorenzo Washington, Case No. CR22-3049, District Court of Douglas County, Nebraska. See Stutzka v. McCarville, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

2

110 F.3d 528, 529 (8th Cir. 1997). The Eighth Circuit Court of Appeals has found that the PLRA includes "a mandamus petition arising from an ongoing civil rights lawsuit . . . ." Id. The Eighth Circuit has not decided whether the PLRA applies to a mandamus petition when the underlying litigation is a civil habeas corpus proceeding. Id. Accordingly, because Washington's Complaint for mandamus relief challenges his state criminal proceedings, the Court will not apply the PLRA to Washington and he will not be required to pay the filing fee. Washington is warned that he may be subject to the PLRA and responsible for the full filing fee if his mandamus petition seeks "relief sought in civil actions that are covered by the PLRA." See Washington v. Los Angeles Cty. Sheriff's Dep't, 833 F.3d 1048, 1059 (9th Cir. 2016) (quoting In re Nagy, 89 F.3d 115, 117 n.1 (2d Cir. 1996)); see also Martin v. United States, 96 F.3d 853, 854-55 (7th Cir. 1996) ("A petition for mandamus in a criminal proceeding is not a form of prisoner litigation. . . . It is a procedural step in the criminal litigation, like an interlocutory or final appeal or a civil contempt proceeding against a witness."); In re Grant, 635 F.3d 1227, 1230 (D.C. Cir. 2011) (applying PLRA to mandamus petitions when the underlying action is civil); In re Stone, 118 F.3d 1032, 1033–34 (5th Cir. 1997) (same); In re Tyler, supra (same); cf. Madden v. Myers, 102 F.3d 74, 76–77 (3d Cir. 1996) (holding that mandamus actions are categorically not "civil actions"). But see Green v. Nottingham, 90 F.3d 415, 417–18 (10th Cir. 1996).

Accordingly, the Court will vacate its April 25, 2023 Memorandum and Order assessing payment of the filing fee. The Court will grant Washington leave to proceed IFP, and the Complaint shall be filed without payment of any filing fees.

### III. INITIAL REVIEW OF COMPLAINT

Because Washington is a prisoner and has been given leave to proceed IFP in this matter, the Court will conduct an initial review of the Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

### A. Applicable Legal Standards

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### B. Discussion

Liberally construed, Washington asks this Court to issue a writ of mandamus compelling his public defender to take or correct certain actions in his state criminal proceedings. A federal district court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. *See* 28

4

U.S.C. § 1651(a); *Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union Cnty.*, 323 F.2d 485, 486 (8th Cir. 1963). The writ of mandamus is an extraordinary remedy, and therefore must be issued only in extraordinary circumstances. "In order to insure that the writ will issue only in extraordinary circumstances [the United States Supreme Court] has required that a party seeking issuance have no other adequate means to attain the relief he desires, and that he satisfy the burden of showing that his right to issuance of the writ is clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (citations and internal quotations omitted).

The actions of the named defendant in the instant case are not within the jurisdiction of this Court. See *Middlebrooks*, 323 F.2d at 486. Specifically, this Court has no authority to compel action by county public defenders. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff") (emphasis added); *see also Veneri v. Circuit Court of Gasconade Cnty.*, 528 F.Supp. 496, 498 (E. D. Mo. 1981) ("[I]t is well settled that federal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."). Therefore, the Court will dismiss this action for lack of jurisdiction.

## IV. CONCLUSION

The Court liberally construes Washington's Complaint as a petition for mandamus relief related to his ongoing criminal proceedings. Consequently, the Court vacates its previous order requiring Washington to pay the filing fee pursuant to the

8:23-cv-00143-JFB-PRSE Doc # 9 Filed: 05/12/23 Page 6 of 6 - Page ID # 35

PLRA and grants Washington leave to proceed IFP without payment of any fees. Because the Court lacks jurisdiction to grant Washington the mandamus relief he seeks, the Court will dismiss the Complaint without prejudice and will deny Washington's motion seeking dismissal as moot.

IT IS THEREFORE ORDERED that:

1. The Court's April 25, 2022 Memorandum and Order, Filing No. 7, is vacated.

2. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of any fees. To be clear, no initial partial filing fee or any portion of the filing fees shall be assessed against Plaintiff, and Plaintiff's institution shall not collect or remit any fees to the Court.

3. The Clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

4. This matter is dismissed without prejudice due to lack of subject matter jurisdiction.

5. A separate judgment shall be entered.

6. Plaintiff's motion requesting dismissal, Filing No. 8, is denied as moot.

Dated this 12th day of May, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

6